# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JENNA MARLER as Guardian Ad Litem for G.M. (D.O.B.: xxx, 2010),<br><br>Plaintiff,<br><br>vs.<br><br>ALUTIIQ LOGISTICS & MAINTENANCE SERVICES, LLC; INSURANCE COMPANY OF NORTH AMERICA; EUGENE SAN NICOLAS SANTOS; and ALFRED FLORES,<br><br>Defendants. | CIVIL CASE NO. 21-00011<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO FILE THIRD AMENDED COMPLAINT** |

Before the court is Plaintiff's Motion for Leave to Amend to File Third Amended Complaint. *See* ECF No. 45. Having reviewed the relevant case law and the parties' filings, the court hereby **DENIES** Plaintiff's Motion for Leave to Amend to File Third Amended Complaint.[1]

## I. Factual and Procedural Background

This action primarily concerns the alleged intentional and negligent mistreatment of Plaintiff's minor child, G.M. ("Child"), on a school bus operated by Defendant ALMS, by bus

---

[1] The court finds oral argument unnecessary and therefore **DENIES** ALMS's Request for Oral Argument, ECF No. 51.

1

aide Defendant Eugene Santos ("Santos") and bus driver Defendant Alfred Flores ("Flores"), who were employed at the time by Defendant ALMS.

On March 5, 2021, Plaintiff filed her first Complaint. Compl., ECF No. 1. On May 10, 2021, ALMS answered the Complaint. ALMS Answer, ECF No. 3. Therein, ALMS disputed the claims, denied a majority of the allegations, and raised twenty-one affirmative defenses. *See id.* ALMS also clarified its identity as "Alutiiq Logistics & Maintenance Services, LLC" with its principal office in Alaska, and not "Alutiiq Corporation" as named in the first Complaint. *Id.*

On July 7, 2021, Plaintiff filed her First Motion to Amend the Complaint. ECF No. 6. Therein, Plaintiff requested to amend her Complaint in order to properly name ALMS, and to re-establish diversity jurisdiction by alleging that ALMS is a resident of Alaska through two holding companies. *Id.* at 3. On July 28, 2021, ALMS responded, stating that it did not oppose this limited amendment. ECF No. 13. However, ALMS indicated that the Proposed First Amended Complaint included more information than stipulated to, and thereby declined to stipulate to its filing. *Id.* Nevertheless, on September 14, 2021, the court granted Plaintiff's first Motion for Leave to File an Amended Complaint. ECF No. 24.

On September 30, 2021, the parties stipulated to filing a Second Amended Complaint, ECF No. 27, which the court granted on October 1, 2021. ECF No. 28. Therein, Plaintiff added Defendant Insurance Company of North America ("INA"), which provides insurance for ALMS. ECF No. 29. All of the Defendants answered the Second Amended Complaint. ECF Nos. 30, 31, 34, 37.

On March 28, 2022, Plaintiff filed the instant Motion for Leave to Amend and File Third Amended Complaint. ECF No. 45. Therein, Plaintiff proposes to add Michael Marler as Joint Guardian Ad Litem of Child, as well as a tenth cause of action for violation of the Guam Trade Practice and Consumer Protection Act, also known as the Deceptive Trade Practices – Consumer

Protection Act ("Deceptive Trade Practices Act"). *Id.* at 1. Plaintiff summarily states that "recent discovery responses provided additional information necessary for amendment." *Id.* at 4.

On April 18, 2022, ALMS opposed Plaintiff's Motion to Leave to Amend Complaint. ECF No. 49. Therein, ALMS opposed the addition of the proposed tenth cause of action for violation of the Deceptive Trade Practices Act by arguing that the amendments (1) would be futile because it does not involve a consumer transaction as required by the Act, and (2) that they violated the "short and plain" pleading requirement of Fed. R. Civ. P. 8(a)(2). *Id.* at 4, 10. Defendants Flores and Santos joined in ALMS' Opposition. ECF Nos. 48, 49.

On April 29, 2022, Plaintiff replied to ALMS' Opposition. ECF No. 50. Therein, Plaintiff disputed ALMS' arguments and added further detail regarding the discovery responses that necessitate amendment. *Id.* at 4-5. Specifically, Plaintiff claimed ALMS provided their contract with the Department of Defense Education Activity ("DoDEA"), in which ALMS allegedly made several representations for the benefit of its student passengers, including Plaintiff. *Id.* at 5.

**II. Discussion**

    **a. Legal Standard**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When considering a motion to amend, a court analyzes five factors: bad faith, undue delay, prejudice to the opposing party, futility, and whether a plaintiff has previously amended the complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility alone can justify the denial of a motion for leave to amend. *Id.*

    **b. The Deceptive Trade Practices Act**

An "aggrieved consumer" may bring a claim for any prohibited act enumerated in the Deceptive Trade Practices Act, including but not limited to failure to honor any warranties or

1 agreements, or committing any false or deceptive act by a merchant to induce a consumer to
2 purchase goods or services. 5 Guam Code Ann. § 32111(a). Consumers may also bring a claim
3 for any "unconscionable action or course of action by any person as to non-business consumers
4 in non-land transactions" *Id.* § 32111(b).

"Consumer means an individual partnership, association, corporation, or the government of Guam who seeks or acquires *by purchase or lease* any goods or services…" *Id.* § 32103(d) (emphasis added). A "[n]on-business consumer is a consumer who *purchases* goods or services primarily for personal use or use in the home or on a farm." *Id.* § 32103(k) (emphasis added).

A "merchant" is a person who deals in goods or services of the kind involved in the transaction or otherwise by his occupation or statements holds himself out as having knowledge or skill peculiar to the service involved in the transaction. *Id.* § 32103(j). A "person" means an individual, partnership, corporation, association, or other group, however organized. *Id.* § 32103(l).

### c. Leave to Amend Would Be Futile

A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense." *Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court finds that leave to amend would be futile.

Plaintiff cannot prove that she is a "consumer" under the Deceptive Trade Practices Act, because she does not allege that she is an individual who "seeks or acquires *by purchase or lease* any goods or services…" *See Id.* § 32103(d) (emphasis added). Plaintiff fails to allege, even in legally conclusive terms, that she is a "consumer." *See generally* Proposed Third Am. Compl., ECF No. 45-1. To the contrary, she alleges that "*DODEA purchased* the services under the contract which states that students with disabilities will be the user of user of [sic] such services,

4

including Child." Proposed Third Am. Compl. ¶ 49, ECF No. 45-1 (emphasis added). In turn, Plaintiff alleges she is the intended beneficiary of the contract between DoDEA and ALMS.[2] *Id.* Even assuming that Plaintiff is an intended beneficiary, she fails to allege that an intended beneficiary qualifies as a "consumer" under the Deceptive Trade Practices Act. Moreover, such an allegation "would clearly be subject to dismissal" because the Deceptive Trade Practices Act does not include an intended beneficiary in its definition of "consumer." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. Aug. 15, 2002); *see also* 5 Guam Code Ann. § 32103(d).

Nor is Plaintiff a "non-business consumer" because she does not allege that she is an individual "who *purchases* goods or services primarily for personal use or use in the home or on a farm." *Id.* § 32103(k) (emphasis added). Such an allegation would run contrary to her allegations that ALMS entered into a contract with DoDEA to provide busing services. Second Am. Compl. ¶ 28, ECF No. 29; *see also* Proposed Third Am. Compl. ¶ 29, ECF No. 45-1.

Because Plaintiff fails to sufficiently allege that she is either a "consumer" or a "non-business consumer," as defined by the Deceptive Trade Practice Act, she fails to state a cognizable claim. Moreover, even if she did so allege, such allegations would "clearly be subject to dismissal" because the Deceptive Trade Practices Act does not include an intended beneficiary in its definition of "consumer." Granting leave to amend to state a non-cognizable claim would be futile. Thus, the court **DENIES** Plaintiff's Motion for Leave to Amend and File Third Amended Complaint, ECF No. 45.

---

[2] "[A] party that benefits from a government contract is presumed to be an incidental [rather than an intended] beneficiary…" *Caltex Plastics, Inc., v. Lockheed Martin Corp.*, 824 F.3d 1156, 1160 (9th Cir. 2016). However, at this stage, Plaintiff's allegations must be taken as true. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. Aug 15, 2002) (the legal sufficiency of proposed amendments is analyzed under Rule 12(b)(6), where allegations are taken as true).

5

### III. Conclusion

Based on the above discussion, the court hereby **DENIES** Plaintiff's Motion for Leave to Amend to File Third Amended Complaint.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jul 19, 2022**